OHIO VALLEY NATIONAL BANK ET AL. V. CUMMINGS & CO. ET AL.

1. INSOLVENCY—ATTORNEY FEES FOR BRINGING FUND INTO COURT.

> Reasonable attorney fees may be allowed counsel for the general creditors of an insolvent partnership in the hands of a receiver for services in an action whereby certain chattel mortgages, given by one partner in the firm name without the knowledge of the other, before the appointment of the receiver, were declared invalid and a fund created for distribution among general creditors.

2. RULE IN FIXING AMOUNT—APPLIED—ALLOWANCE REDUCED.

> In fixing the amount of fees to be allowed counsel for general creditors for contesting chattel mortgages of an insolvent firm in the hands of a receiver, the fact that they purpose to make a substantial charge against the general creditors whom they represent, the amount of the chattel mortgages declared invalid, the amount of the fund in the hands of the receiver, and the sums allowed the receiver and his attorney, should be taken into consideration. Thus where it appears that $2,850 had been allowed and paid to the receiver and his attorneys, leaving $9,100 in the receiver's hands, and the amount of the chattel mortgages declared invalid were $6,500, the court held that the allowance of $1,500 for services was too great, and directed reversal unless the attorneys consented to a remittitur of all but $750.

HEARD ON ERROR.

SMITH, J.

It appears by the record in this case that some years ago a proceeding was instituted in the court of common pleas of this county by one of the members of the firm of Cummings & McGrath, for the appointment of a receiver to wind up the affairs of said partnership, which had become insolvent, and in said action a receiver was appointed by the court, substantially by consent of both of the members of the firm. Soon after this was done however, litigation arose in said action as to the validity of three chattel mortgages which had been executed by one of the members of the firm just before the proceeding for the appointment of the receiver was commenced, without the consent of the other partner, and with the obvious purpose of putting an end to the business of the partnership. On behalf of the firm of David Cummings & Co., general

and unsecured creditors, they being only a part of said general creditors, the firm of Johnson & Levy, and Wm. E. Jones, attacked the validity of those chattel mortgages which had been set up by answer and cross-petition in the case by Kramer & Kramer who were also acting as the attorneys for the receiver. The receiver took no part in this controversy by himself or by attorney, and the litigation as to the chattel mortgages was conducted on behaf of the general unsecured creditors by Johnson & Levy, and Wm. E. Jones. The original amount of the chattel mortgages in controversy was about $6,500.

The judgment of the court of common pleas was in favor of the validity of those mortgages. An appeal was taken to this court, and here they were held invalid, and the decision of the circuit court was affirmed by the Supreme Court. During the progress of the litigation the chattel property of the insolvent firm had been sold, and the proceeds were held by the receiver subject to the disposition of the court.

It may also be stated, that after the fund was in the hands of the receiver, application was made to the court of common pleas for an order fixing the amount of the fees of the receiver for his services, and for the services of the attorneys who had prosecuted the case for the appointment of the receiver, Kramer & Kramer and Mr. Tugman, and who had rendered legal services to the receiver in the discharge of his duties. An allowances was made by that court to the receiver of the sum of $1,500 and to the attorneys of $2,000. The amount of these fees had been litigated in the common pleas, and the order of the court of common pleas was sought to be reversed in this court. On the hearing, the court being of the opinion that considering the amount of the estate, the allowances were too great, modified the order by reducing the allowances to the attorneys to the sum of $1,500 and of the receiver to the sum of $1,250 and these sums were severally agreed to by them. The court also allowed to counsel for the plaintiff in error in that proceeding for his services therein, the sum of $100, being of the opinion that their services being beneficial to the fund in the hands of the court for distribution, that it was just and equitable that the said attorneys should be compensated therefor from the fund. Those fees, amounting in the aggregate to the sum of $2,750, have already been paid from the fund.

On the final decision of the question of the invalidity of the mortgages in the Supreme Court, application was made by the counsel for David Cummings & Co., and others, to the court of common pleas for an advance from said fund for their services rendered in the litigation as to the validity of the chattel mortgages. This was resisted by the counsel for the mortgagees, who under the decision of the court occupied the position of general unsecured creditors. But the court made an allowance to them for such services in the sum of $1,500, it appearing from the action of the court and the testimony of such counsel, that they proposed also to make a substantial charge for the same services, against the general creditors whom they especially represented in said litigation. The court also allowed to the receiver an additional sum of $400, and to his attorney $100. The parties who hold the chattel mortgages excepted to the allowance made to the attorneys for the general creditors, and they in turn excepted to the allowance made to the receiver and his counsel, and separate petitions in error have been filed. Each party also excepts to the action of the court, which requires the fees of the others paid out of the general fund.

It also appears that after deducting the fees heretofore paid to the receiver and his attorney, and the $100, allowed to the other counsel, there remains for distribution to the creditors in proportion to the amount of their claims about $9,100. If the amount lately allowed by the common pleas is to be deducted therefrom, this will reduce the amount for distribution to $7,100.

The first question presented is, whether this is a case where the court has any authority to allow to Johnson & Levy, and Wm. E. Jones, any part of this fund in the hands of the receiver for their legal services in obtaining the judgments holding these chattel mortgages invalid. As to this we are of the opinion that the rule, well established, that where in proceedings in equity a fund is brought into court for division among the parties to the action according to their several rights, or by the efforts of counsel a proper disposition is made thereof, and different from what it would have been without such efforts, that reasonable counsel fees may be allowed from the fund, the subject of the litigation, applies to a case like this. Here it has been established by the adjudication of the courts that a fund properly in the hands of the court, which if the mortgages had been upheld would have been swept away nearly entirely, must now go to the general creditors of the estate. It is certainly equitable that those who are creditors should contribute to the expenses incurred in bringing this about. If the receiver by his counsel had accomplished this, we suppose that it would not be questioned that his counsel fees should be paid therefrom. But he did not do it, and why should not counsel who brought it about be paid therefor?

We are of the opinion, however, that under all the circumstances of this case we would not be justified in affirming the judgment of the trial court for the full amount of the allowance for the services thus rendered. It appears that as compared with the amount for distribution to creditors, the sum allowed already for fees, has been large. $2,850 has already been allowed. If $2,000 more is paid from the fund that would make $4,850, while the creditors will receive but $7,100, and as the amount of the chattel mortgages ($6,500) only was involved in the litigation, a fee of $1,500 would seem too great. Regard must certainly be had to the amount in litigation when the court is called upon to fix the counsel fees therefor. We have some personal knowledge of the services rendered by counsel in the case, and know that they were valuable, and if the amount involved were much greater, the allowance made would not have been extravagant. But the court must see that the rights of the creditors as well as those of the officers of the court are protected. It should also be taken into consideration in fixing the amount of those fees, that the attorneys to whom the allowance was made represented parties who are liable to them for fees in this matter.

We have therefore reached the conclusion that unless the counsel for the general creditors, Messrs. Johnson & Levy and Wm. E. Jones, consent to a remittitur of all the amount allowed to them except the sum of $750, and the receiver remit all of the allowance made to him except the sum of $200, and the attorney for the receiver remit all of the amount so allowed to him except $50, the order for the allowances so severally made to them will be reversed. If such remittiturs are consented to, the order so made will, as to the residue, be affirmed.

Such allowances will be paid from the fund before the distribution thereof is made. The other costs in the original case will be paid from the fund, except the costs on the trial of the issues as to the validity of the chattel mortgages which will be adjudged against the defeated parties.